# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      v.<br><br>RONNIE MORENO,<br><br>                  Defendant. | Case No. 3:16-cr-00032-SLG |

## ORDER REGARDING 28 U.S.C. § 2255 MOTION

Before the Court at Docket 117 is Defendant Ronnie Moreno's Amended 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody and his memorandum in support of the amended motion. The government opposed the motion at Docket 124. Mr. Moreno filed a reply at Docket 125.

Mr. Moreno requested an evidentiary hearing.[1] The Court finds that an evidentiary hearing is not necessary to determine each of the claims decided in this order because those claims are either foreclosed because "the files and records of the case conclusively show that the prisoner is entitled to no relief" or they are foreclosed as a matter of law.[2] The Court will hear oral argument as to

---

[1] Docket 117-1 at 33–34.

[2] 28 U.S.C. § 2255(b); *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (noting that an evidentiary hearing is not necessary if the "allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as

whether an evidentiary hearing is necessary on one of the claims, as explained further herein. Having considered each parties' filings, the defendant's exhibits, and the record in this case, the Court now makes the following findings and conclusions as to most of the § 2255 claims raised by Mr. Moreno.

**I.     Background**

On April 4, 2016, the government filed a criminal complaint against Ronnie Moreno.[3] On April 13, 2016, Mr. Moreno waived a preliminary hearing and waived indictment.[4] On April 15, 2016, Mr. Moreno was charged by Information with one count of Drug Conspiracy in violation of 21 U.S.C. § 846.[5] On May 19, 2016, Mr. Moreno signed a written plea agreement, in which he agreed to plead guilty to Drug Conspiracy. His plea agreement contained a waiver of appeal and a waiver of most collateral attack rights.[6] Approximately one month later, on June

---

to warrant summary dismissal.").

[3] Docket 1.

[4] Docket 11; Docket 12.

[5] Docket 14.

[6] Docket 19 at 10. The waiver of collateral attack rights states:

> The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence—including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution—the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel—based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes the sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

16, 2016, Mr. Moreno appeared in court and entered a guilty plea.[7] At the time, Mr. Moreno was represented by attorney Matthew Scoble. Prior to sentencing, attorney Scoble was removed from the case and replaced with attorney D. Scott Dattan.[8] In February 2017, the Court sentenced Mr. Moreno to 120 months imprisonment.[9] Mr. Moreno appealed to the Ninth Circuit. In March 2018, the Ninth Circuit dismissed the appeal because "Moreno waived his right to appeal his conviction and sentence . . . [and o]ur independent review of the record . . . discloses no arguable issue as to the validity of the waiver."[10]

Mr. Moreno filed a timely 28 U.S.C. § 2255 motion[11] and later filed the instant amended § 2255 motion. The amended motion asserts eight grounds for relief, several of which raise more than one independent ground for relief. The claims are not a model of clarity (and appointed counsel did not seek to amend the *pro se* claims raised by Mr. Moreno[12]), but they fall into three categories:

---

[7] Docket 19 (plea agreement); Docket 22 (minute entry).

[8] Docket 35 (minute entry); Docket 36 (sealed minute entry); Docket 38 (Notice of Attorney Appearance).

[9] Docket 71 (Judgment).

[10] *United States v. Moreno*, 715 Fed. App'x 679, 679 (9th Cir. 2018).

[11] Docket 95. The government does not contest that Mr. Moreno's motion was timely filed. Docket 124 at 2.

[12] Habeas counsel signed the amended § 2255 motion, but it appears that the claims in the motion were drafted by Mr. Moreno.

claims related to a purported verbal plea agreement with the government for a five-year sentence; claims related to the U.S.S.G. § 3B1.1 leadership role enhancement; and claims related to the use of Mr. Moreno's prior state court convictions to calculate his criminal history score. The Court construes the claims as follows:

**Claim 1(a):** Ineffective assistance of both plea and sentencing counsel for failing "to object or otherwise challenge the government's breach of the Oral Promises made to me related to the Plea Agreement."[13]

**Claim 1(b):** Ineffective assistance of sentencing counsel for failing to "object to [the U.S. Probation Office's] deliberate fabrication of facts in order to recommend a leadership role" enhancement.[14]

**Claim 1(c):** Ineffective assistance of sentencing counsel for failing to "object to [the U.S. Probation Office's] . . . use of Alaska's republican illegal, unconstitutional prison for profit cases, that are non-qualifying for federal enhancements" and for failing "to investigate and object at sentencing" to the consideration of three of Mr. Moreno's State of Alaska cases in determining his criminal history score.[15]

---

[13] Docket 117 at 4.

[14] Docket 117 at 4.

[15] Docket 117 at 4.

**Claim 2(a):** Ineffective assistance of appellate counsel for failing to raise on appeal the government's "Breach of the Oral Promissory Plea Agreement."[16]

**Claim 2(b):** Ineffective assistance of appellate counsel for failing to raise on appeal the U.S. Probation Office's "deliberate Fabrications of fact for a leadership role" enhancement.[17]

**Claim 2(c):** Ineffective assistance of appellate counsel for failing to raise on appeal the U.S. Probation Office's "use of Alaska republican state illegal, unconstitutional prison for profit cases" to calculate his criminal history score.[18]

**Claim 3:** Due process violations when the sentencing judge:

- "refused to hear about the Government's breach of the [verbal] plea agreement" and Mr. Moreno's *pro se* objections regarding the breach of agreement;[19]

- refused to address Mr. Moreno's *pro se* objections to the U.S. Probation Office's recommendation for a leadership role enhancement;[20]

---

[16] Docket 117 at 5. The Court construes Mr. Moreno's use of the phrase "Alaska republican state illegal, unconstitutional prison for profit cases" to be a reference to the three disputed Alaska state court convictions.

[17] Docket 117 at 5.

[18] Docket 117 at 5.

[19] Docket 117 at 7.

[20] Docket 117 at 7.

- used "Alaska illegal unconstitutional prison for profit case which could not be used to enhance movant's sentence" and refused to address Mr. Moreno's *pro se* objections to the use of his three State of Alaska cases to calculate his criminal history score.[21]

**Claim 4(a) and Claim 5:** Actual innocence as to State of Alaska case 3AN-99-8227cr (sexual abuse of a minor), which means that state conviction was obtained in violation of the Eighth Amendment and could not be used to calculate his criminal history score for federal sentencing.[22]

**Claim 4(b):** The post-conviction claims related to State of Alaska case 3AN-99-8227cr remained pending at the time of federal sentencing, and thus that state case could not be used to calculate Mr. Moreno's criminal history score.[23]

**Claim 6:** Actual innocence as to State of Alaska case 3AN-14-11508cr (transportation of marijuana), and thus that state conviction could not be used to calculate his criminal history score for federal sentencing.[24]

**Claim 7:** Actual innocence as to State of Alaska case 3AN-113-4140cr (disorderly conduct) because that conviction was obtained in violation of the Fifth

---

[21] Docket 117 at 7.

[22] Docket 117 at 8, 12.

[23] Docket 117 at 8.

[24] Docket 117 at 12.

Amendment "and other Constitutional rights," and thus that state conviction could not be used to calculate his criminal history score for federal sentencing.[25]

**Claim 8:** Ineffective assistance of plea counsel for failure "to investigate the charges and movant's criminal history and properly advise movant prior to his plea."[26]

## II. Legal standards

Claims 1(a), 1(b), 1(c), 2(a), 2(b), 2(c), and 8 are based on alleged ineffective assistance of counsel. In order to succeed on an ineffective assistance of counsel claim, Mr. Moreno must satisfy the two-pronged test set forth in *Strickland v. Washington*, which requires him to show both deficient performance of counsel and resulting prejudice.[27] Deficient performance requires a showing that trial counsel's representation "fell below an objective standard of reasonableness" as measured by prevailing professional norms.[28] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[29] This standard applies even when the

---

[25] Docket 117 at 13.

[26] Docket 117 at 14.

[27] 466 U.S. 668, 687 (1984).

[28] *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

[29] *Strickland*, 466 U.S. at 689.

ineffective assistance claims arise out of the guilty plea process.[30] To show prejudice, Mr. Moreno must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[31]

Claims of ineffective assistance of appellate counsel are reviewed according to the standard set forth in *Strickland*.[32] To be constitutionally effective, "counsel need not appeal every possible question of law."[33] A failure to raise untenable issues on appeal does not fall below the *Strickland* standard.[34]

Mr. Moreno carries the burden of proving he is entitled to relief.[35]

### III. Waiver of § 2255 claims

As a preliminary matter, Mr. Moreno's plea agreement includes a provision waiving his right to collaterally challenge his conviction and sentence in a § 2255 motion, with the exception of ineffective assistance of counsel or voluntariness of the plea claims.[36] Claims 1(a), 1(b), 1(c), 2(a), 2(b), 2(c), and 8 fall within the

---

[30] *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

[31] *Id.* at 59.

[32] *Turner v. Calderon*, 281 F.3d 851, 871 (9th Cir. 2002).

[33] *Id.* (citations omitted).

[34] *Feathersone v. Estelle*, 948 F.2d 1497, 1507 (9th Cir. 1991).

[35] *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

[36] Docket 19 at 10.

ineffective assistance exception. None of the claims addressed in this order assert that his guilty plea was involuntary. Mr. Moreno has waived all other § 2255 claims, and the Court finds that there is no arguable issue specific as to the validity of this waiver.[37] Accordingly, the Court does not determine whether the waived claims—Claims 3, 4(a), 4(b), 5, 6, and 7—are viable. Instead, relief is denied as to each of these claims because they were all validly waived.

## IV. The purported verbal plea agreement

Claim 1(a) relates to Mr. Moreno's assertion that both his plea and sentencing counsel were ineffective for not alerting the Court that the government had breached a verbal plea agreement that it would recommend a five-year sentence. On the record before the Court, it is not possible to determine whether an evidentiary hearing on Claim 1(a) is warranted. On the one hand, this claim is based on purported conversations between Mr. Moreno and his counsel that occurred outside of the record, which supports holding an evidentiary hearing.[38] On the other hand, even if a defendant's "present allegations about his

---

[37] *Cf. United States v. Moreno*, 715 Fed. App'x 679, 679 (2018) (determining that there was no arguable issue as to the validity of Mr. Moreno's appellate waiver). However, if Mr. Moreno prevails on his claims related to the breach of an oral plea agreement, *see infra,* then the appellate waiver would not be enforceable as the entire plea agreement would be invalidated. *United States v. Hernandez-Castro*, 814 F.3d 1044, 1045 (9th Cir. 2016).

[38] *See Reed v. United States*, 441 F.2d 569, 572 (9th Cir. 1971) ("When specific allegations as to the time, place and parties involved in promises of leniency or unfulfilled agreements or 'deals' between criminal defendants and government officials are made to establish an involuntary plea of guilty, cases in this Circuit and elsewhere clearly require an evidentiary hearing.").

conversations with defense counsel contradict [his] previous statements in court," the defendant's credibility may be "conclusively decided on the basis of documentary testimony and evidence in the record," and no evidentiary hearing is required.[39] In addition, it is unclear from Mr. Moreno's filings what relief he is seeking if he persuades the Court that his attorneys were ineffective in failing to alert the Court to an alleged breach of an oral plea agreement by the government. The Court will hold oral argument to address each of these topics.[40]

Claim 2(a) asserts that appellate counsel was ineffective for not raising on direct appeal the government's breach of the purported verbal plea agreement. Resolution of this claim depends on some of the same fact-finding as does Claim 1(a), specifically whether the government breached a plea agreement. The Court does not further address Claims 1(a) or 2(a) in this order.

## V. Claims 1(b) and 2(b): The leadership role enhancement

Claims 1(b) and 2(b) relate to Mr. Moreno's sentencing attorney not objecting to, and his appellate attorney not raising on appeal, the Presentence Report's use and the Court's imposition of a two-level U.S.S.G. § 3B1.1 leadership role enhancement. Mr. Moreno does not make any argument as to

---

[39] *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989).

[40] *See Watts v. United States*, 841 F.2d 275, 276–78 (9th Cir. 1988) (approving district court's decision to hold a hearing to determine whether the defendant's § 2255 claims "required an evidentiary hearing with Watts and his wife present to testify, or if the court could hear the claim 'on the record'").

these claims in his memorandum in support of his § 2255 motion, and the government did not respond to these claims.

Mr. Moreno's plea agreement stated that his two co-conspirators acted "[a]t his direction" when they carried 447 grams of methamphetamine on a flight from California to Alaska.[41] At the change of plea hearing, Mr. Moreno also agreed, under oath, that his co-conspirators were acting at his direction.[42] At sentencing, the Court found that the § 3B1.1 enhancement applied because "Mr. Moreno acknowledge[d] at the time of the change of plea, it was that the two cousins were carrying the methamphetamine at his direction."[43] There is no evidence to support Mr. Moreno's contention that there was a "deliberate fabrication of facts" by the U.S. Probation Office related to his role in the conspiracy.[44] In light of Mr. Moreno's uncontroverted sworn admission, sentencing counsel's decision not to object to this enhancement at sentencing did not fall below an objective standard of reasonableness, and counsel was not ineffective. Accordingly, Claim 1(b) is denied. For the same reason, and because Mr. Moreno's plea agreement included a valid appeal waiver, appellate

---

[41] Docket 19 at 4.

[42] Docket 61 at 18 (transcript).

[43] Docket 87 at 11.

[44] *See* Docket 117 at 4, 5.

Case No. 3:16-cr-00032-SLG, *United States v. Moreno*
Order Re 28 U.S.C. § 2255 Motion

Page 11 of 18
Case 3:16-cr-00032-SLG    Document 126    Filed 07/22/21    Page 11 of 18

counsel's decision not to raise this issue on appeal was reasonable, and Claim 2(b) is therefore denied.

## VI.  Claims 1(c) and 2(c): The use of Alaska state court cases to increase criminal history score

Claims 1(c) and 2(c) relate to Mr. Moreno's attorneys not challenging the Presentence Report and the Court's inclusion of his state court cases to calculate his criminal history category.[45] Specifically, Mr. Moreno complains that his sentencing counsel should have argued that the Court could not use three of his Alaska state cases to calculate his criminal history points because he is actually innocent of the crimes he was convicted of in each of those cases and because one of those cases was not final because it was the subject of state post-conviction proceedings that were still then pending.[46]

The U.S. Probation Office determined that Mr. Moreno had five criminal history points, then added another two points because the offense of conviction was committed while he was on probation in a state court case; this resulted in

---

[45] The Court disagrees with the government's assertion that "[t]his argument is meritless because there was no sentencing 'enhancement' . . . pursuant to 21 U.S.C. § 851." Docket 124 at 9–10.  This assertion is merely one of semantics—it is clear from the § 2255 motion and from the sentencing hearing transcript that Mr. Moreno was attempting to raise the issue of the calculation of his criminal history score (which he refers to an "enhancement" of his sentence), and the Court will address the issue regardless of whether he used the proper legal terminology.

[46] Docket 117 at 4.

seven total criminal history points and a criminal history category of IV.[47] The Court adopted this Guidelines computation at sentencing.[48] Mr. Moreno's sentencing counsel did not object to the criminal history category.[49]

U.S.S.G. § 4A1.2 guides courts in determining what criminal history should be considered at sentencing. A "'prior sentence' means any sentence previously imposed upon adjudication of guilt."[50] "'Conviction for an offense' . . . means that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*."[51] The Guidelines do not have a provision specific to cases in which post-conviction proceedings are pending in state court at the time of sentencing, but the Guidelines indicate that "sentences under appeal are counted" unless an exception—none of which are applicable here—applies.[52] Moreover, in *United States v. Mackbee*, the Ninth Circuit considered the definition of "prior sentence" for computing criminal history pursuant to U.S.S.G. § 4A1.2.[53] The Circuit held that to count towards a defendant's criminal history score, a prior

---

[47] Docket 42 at 18 (Final Presentence Investigation Report) (under seal).

[48] Docket 87 at 9.

[49] Docket 87 at 13.

[50] U.S.S.G. § 4A1.2(a)(1).

[51] U.S.S.G. § 4A1.2(a)(4).

[52] U.S.S.G. § 4A1.2(l).

[53] 894 F.2d 1057 (9th Cir. 1990).

sentence need not be final, reasoning that "Section 4A1.2(a)(1) defines 'prior sentence' as 'any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere.' Language indicating a requirement that the sentence be final is conspicuously absent."[54]

Mr. Moreno's actual innocence arguments are also foreclosed by Ninth Circuit caselaw. In *United States v. Burrows*, the Ninth Circuit held that the Guidelines do not confer on a defendant the right "to attack his prior [state] conviction in his [federal] sentencing proceeding and no constitutional right to attack any prior convictions save those which were obtained in violation of [the right to counsel]."[55]

Because neither plea nor sentencing counsel could raise a viable challenge to Mr. Moreno's prior state convictions at sentencing, they were not ineffective for not doing so. Claim 1(c) is therefore denied. And because Mr. Moreno could not successfully challenge the inclusion of his state convictions in the Court's Guidelines calculation at sentencing, and in light of the appellate waiver in Mr. Moreno's plea agreement, any appellate challenge would have

---

[54] *Id.*

[55] 36 F.3d 875, 885 (9th Cir. 1994). *Cf. Daniels v. United States*, 532 U.S. 374, 384 (2001) (holding that a defendant may not challenge a sentence in a 28 U.S.C. § 2255 proceeding by collaterally attacking the validity of an earlier conviction).

been futile. Therefore, appellate counsel did not render deficient performance for failing to raise this issue,[56] and Claim 2(c) is denied.

## VII. Claim 8: Failure to investigate and failure to advise

Claim 8 alleges that "[a]t no time did [plea counsel] explain the charges in detail, investigate the charges or discuss with movant his role in the case or his past criminal history, or the guidelines and how they might be affected by movant's past criminal history, probation or parole status or other possible guideline enhancements."[57] Mr. Moreno asserts that had plea counsel properly advised him, he would not have pleaded guilty.[58]

Mr. Moreno does not develop any argument regarding what plea counsel failed to explain regarding the charge or regarding how plea counsel failed to investigate his case, and the Court does not address these allegations further.[59]

As to Mr. Moreno's assertions that plea counsel failed to discuss how criminal history, a leadership role, and probation/parole status could affect the calculation of his sentence, his sworn testimony at the change of plea hearing

---

[56] See *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001) ("[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal.").

[57] Docket 117 at 14.

[58] Docket 117 at 14.

[59] *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'")).

directly contradicts these assertions. "[S]tatements made by a criminal defendant contemporaneously with his plea should be accorded great weight."[60] "[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."[61] Mr. Moreno gave sworn testimony at his change of plea hearing that he had discussed the charge with plea counsel, that he had told plea counsel everything counsel needed to know to defend the case, that plea counsel had answered all of his questions, and that he was satisfied with the assistance of plea counsel.[62] Mr. Moreno also testified that he had reviewed the plea agreement with counsel and discussed with counsel the "sentencing laws and the [G]uidelines and how they might apply" to the case.[63] The Court finds that Mr. Moreno's claims of ineffective assistance of plea counsel based on a failure to advise are not supported by the record. Accordingly, Claim 8 is denied.

---

[60] *Chizen v. Hunter*, 809 F.2d 560, 563 (9th Cir. 1986) (citing *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)).

[61] *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

[62] Docket 61 at 7.

[63] Docket 61 at 8–9, 16.

Case No. 3:16-cr-00032-SLG, *United States v. Moreno*
Order Re 28 U.S.C. § 2255 Motion

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Claims 3, 4(a), 4(b), 5, 6, and 7 in the motion at Docket 117 are DENIED because they were waived. IT IS FURTHER ORDERED that Claims 1(b), 1(c), 2(b), 2(c), and 8 are DENIED because Mr. Moreno has not shown that counsel were ineffective. As to all of those claims, the Court finds that Mr. Moreno has not made the requisite substantial showing of the denial of a constitutional right, and therefore a certificate of appealability will not be issued by this Court.[64] Mr. Moreno may request a certificate of appealability from the Ninth Circuit Court of Appeals when the Court enters a final judgment in this case.

The Court will hold a telephonic oral argument on **August 17, 2021 at 12:00 p.m.** to address (1) whether an evidentiary hearing on the remaining claims is warranted, and if so, what evidence each party would intend to present; and (2) for Mr. Moreno to articulate what relief he is seeking from the Court if he prevails on the remaining claims. The parties shall participate telephonically by dialing 1-877-402-9753 (using access code 6288202#) from a landline telephone approximately five minutes before the scheduled hearing time.

---

[64] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

DATED this 22nd day of July, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE