IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

RONNIE MORENO,

               Defendant.

Case No. 3:16-cr-00032-SLG-KFR

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR DETENTION REVIEW

The Court recommends Defendant's Motion for Detention Review be **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion is not the proper procedural mechanism for the relief he appears to seek.

Defendant Ronnie Moreno, proceeding *pro se*, filed a Motion for Detention Review on August 2, 2023, in this closed criminal case.[1] Law enforcement arrested Defendant on April 4, 2016, pursuant to a Criminal Complaint, and the United States filed a Felony Information shortly thereafter charging Defendant with Drug Conspiracy in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(B).[2] On June 16, 2016, Defendant pled guilty to the charged offense pursuant to a plea agreement which, among other terms, waived his right to appeal and collateral attack of his conviction and sentence.[3] The District Court sentenced Defendant on February 24, 2017, to 120 months imprisonment followed by five years of supervised release.[4]

Defendant appealed his conviction on March 17, 2017.[5] On March 19, 2018,

---

[1] Doc. 200.
[2] Docs. 1, 14.
[3] Doc. 22. Defendant's plea agreement included a standard waiver of his right to appeal and collateral attack.
[4] Doc. 71.
[5] Doc. 76. While his appeal was pending, Defendant filed a motion with the District Court seeking release. Doc. 82. The District Court denied Defendant's motion. Doc. 84.

the Ninth Circuit accepted Defendant's Appellate Counsel's *Anders* brief and denied Defendant's appeal, finding there was "no issue with the validity of [Defendant's appeal] waiver."[6] On September 13, 2023, the Ninth Circuit denied Defendant's petition for panel rehearing and petition for re hearing *en banc*.[7] The Circuit Court's Mandate issued on March 19, 2018.[8]

Defendant filed a habeas petition on April 15, 2019, seeking to vacate, set aside, or correct his sentence.[9] The District Court appointed counsel for Defendant's habeas petition, and after receiving six extensions, counsel filed a petition on October 3, 2020.[10] The government responded on January 11, 2021.[11] The District Court denied some of Defendant's claims on July 22, 2021.[12] As to the remaining claims, the District Court held an evidentiary hearing over the course of two days in late 2021, ultimately denying those remaining claims on January 14, 2022.[13] As to all of Defendant's dismissed claims, the District Court did not issue a Certificate of Appealability.[14] Defendant appealed the District Court's order.[15] The Ninth Circuit denied Defendant's request for a Certificate of Appealability, as well as his motion for reconsideration of that decision.[16]

In his current motion, Defendant seeks this court's review of his detention. While titling his filing "Motion for Detention Review," it appears to the court that Defendant is actually attempting to file a second habeas petition. Indeed, on the

---

Defendant also filed a pro se motion for release with the Ninth Circuit which the Circuit Court did not consider given Defendant's then-status as a represented party. Doc. 85.
[6] Doc. 89 (linking to Ninth Circuit Case No. 17-30051, Doc. 34-1).
[7] Doc. 93.
[8] Doc. 94.
[9] Doc. 95
[10] Doc. 117.
[11] Doc. 124.
[12] Doc. 126.
[13] Docs. 191, 193.
[14] Docs. 126, 193
[15] Doc. 195. Defendant appealed only those matters addressed in the District Court's January 14, 2022 Order.
[16] Docs. 198, 199.

second page of Defendant's 63-page motion he writes, "[i]n this Federal Writ of Habeas Corpus, civil suit."[17] Defendants are generally limited to one § 2255 petition and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h).[18] Defendant's motion does not meet any of the procedural requirements for a second or successive petition – he has not obtained a Certificate of Appealability certifying that there is newly discovered evidence, or that there is a new retroactive rule of constitutional law. By calling his filing a "Motion for Detention Review," Defendant appears to the Court to be attempting to "characterize their motion[] in a way that will avoid the strictures of § 2255(h)[.]"[19] Dismissal of the motion without prejudice is therefore recommended.

Furthermore, to the extent Defendant is seeking review of his order of detention pending appeal pursuant to 18 U.S.C. § 3143, such a remedy is not available. Defendant has no properly filed appeals pending; therefore, release under 18 U.S.C. § 3143 is not possible. Moreover, even if the Court were to consider Defendant's motion as a proper motion for release pending appeal, release is prohibited under the statute in light of Defendant's conviction for Drug Conspiracy, a controlled substance offense for which there is a maximum term of imprisonment of 10 years or more. *See* 18 U.S.C. § 3143(b)(2)(cross-referencing 18 U.S.C. § 3142(f)(1)(C)).

//
//
//
//
//
//

---

[17] Doc. 200 at 2.
[18] *See United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).
[19] *Id.*

Order 3
*United States v. Moreno*
Case 3:16-cr-00632-SLG-KFR   Document 204   Filed 10/04/23   Page 3 of 4

Accordingly, the Court recommends Defendant's Motion for Detention Review be **DISMISSED WITHOUT PREJUDICE**. If Defendant wishes to file a second or successive habeas petition, he is directed to the Ninth Circuit's website, which contains instructions and the form for properly seeking the relief he requests.[20]

DATED this 4th day of October, 2023, at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

### NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[21] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[22]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[23] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[24]

---

[20] Ninth Circuit Advisory Committee Note to Rule 22-3 states that the District Court may either transfer a second habeas petition to the court of appeals, or may "dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12."
[21] 28 U.S.C. § 636(b)(1)(B).
[22] 28 U.S.C. § 636(b)(1)(C).
[23] *Id.*
[24] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Order
*United States v. Moreno*
3:16-cr-00032-SLG-KFR
4

Case 3:16-cr-00032-SLG-KFR   Document 204   Filed 10/04/23   Page 4 of 4