# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RONNIE MORENO,<br><br>    Defendant. | Case No. 3:16-cr-00032-SLG-KFR |

## ORDER RE MOTIONS FOR RELEASE

  Before the Court at Docket 205 is Defendant Ronnie Moreno's *pro se* Motion for Sentence Reduction Under U.S.C. § 3582 (c)(1)(A). Defense counsel filed an Amended Motion for Sentence Reduction Under U.S.C. 3582(c)(1)(A)(i) at Docket 216. The Government responded in opposition to the motion and the amended motion at Docket 217. The motions were referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 220, Judge Reardon issued a Report and Recommendation, in which he recommended that the motions for compassionate release be denied without prejudice.

  Mr. Moreno responded by filing *pro se* objections to the Report and Recommendation at Docket 224. In his objections, Mr. Moreno asserts that he is factually innocent of the drug conspiracy crime, and that the judges in this case have engaged in a "cover-up of factual innocence."[1] He also asserts his "factual

---
[1] Docket 224 at 1, 2.

innocence" in his state law cases, including the First Degree Sexual Abuse of a Minor Conviction, each of which he maintains has also been the subject of a "cover-up."[2]

Defense counsel responded to the Report and Recommendation by filing Defendant Moreno's Objection to Report and Recommendation at Docket 227, objecting to (1) "the Court's conclusion that the 'status point' change in the 2023 amendments to the USSG is not an extraordinary and compelling basis for [compassionate release]"; and (2) "the 3553 factors militate against Mr. Moreno's release."

Defense counsel also filed a "Motion to Amend CR Motion to Include Related Basis for Release under 18 USC 3582(c)(2)" at Docket 226. The Government filed a response in opposition to that motion at Docket 228.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) with respect to Mr. Moreno's first two motions for compassionate release. That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[3] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[4] However, § 636(b)(1) does not "require district court review of a

---

[2] Docket 224 at 4, 5.

[3] 28 U.S.C. § 636(b)(1).

[4] *Id.*

Case No. 3:16-cr-00032-SLG-KFR, *USA v. Moreno*
Order re Motions for Release
Page 2 of 4
Case 3:16-cr-00032-SLG-KFR   Document 230   Filed 03/01/24   Page 2 of 4

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[5]

The Magistrate Judge recommended that the Court deny the *pro se* Motion for Compassionate Release at Docket 205 and the Amended Motion for Compassionate Release at Docket 216. The Court has reviewed the Final Report and Recommendation and agrees with its analysis. With respect to the counsel's objections, the Court does not find that a retroactive amendment is an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1); rather, the fact that Congress provided by a separate section for relief in those circumstances militates against finding that action to be extraordinary and compelling. Relief for such a change in the guidelines must be sought under subsection (c)(2). Further, on de novo review, the Court agrees with the analysis of the Magistrate Judge with respect to the Section 3553(a) factors, and concludes that the factors that the Magistrate Judge addressed do not warrant a sentence reduction. Therefore, the Court adopts the Report and Recommendation, and IT IS ORDERED that the motions at Dockets 205 and 216 are each DENIED.

With respect to the second amended motion that seeks a sentence reduction under subsection (c)(2) of the statute, the Court finds as follows:

---

[5] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3:16-cr-00032-SLG-KFR, *USA v. Moreno*
Order re Motions for Release
Page 3 of 4
Case 3:16-cr-00032-SLG-KFR   Document 230   Filed 03/01/24   Page 3 of 4

As set forth by the U.S. Probation, Mr. Moreno's original guideline range was 100 to 125 months, and he was sentenced to 120 months. With the elimination of the two status points, his amended guideline range would be 87 to 108 months. But the Court finds, in addition to the Section 3553(a) factors discussed by the Magistrate Judge and adopted above by this Court, that if Mr. Moreno were to be sentenced now for the drug conspiracy charge, he would not be eligible for the three level reduction for acceptance of responsibility, given his recent and repeated assertions of factual innocence for that crime. Without that three level reduction, his guideline range would be 121 to 151 months. And Mr. Moreno continues to assert that he is innocent of the sexual abuse of the minor of which he was convicted after a trial by jury. In these circumstances, the § 3553(a) factors of protecting the public and deterring Defendant from committing further crimes further militate against the early release of Mr. Moreno. Accordingly, the motion at Docket 226 if DENIED.

DATED this 1st day of March, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-00032-SLG-KFR, *USA v. Moreno*
Order re Motions for Release
Page 4 of 4

Case 3:16-cr-00032-SLG-KFR   Document 230   Filed 03/01/24   Page 4 of 4